UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES N. SCOTT, *et al.*,

        **Plaintiffs,**

   v.                                                 No. 9:16-CV-403
                                                          (TJM/CFH)

D. UHLER, *et al.*,

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his February 8, 2017 Report-Recommendation and Order, Dkt. No. 47, Magistrate Judge Hummel recommends that defendants' motion for dismissal (Dkt. No. 35) be granted, and that plaintiffs be given thirty (30) days in which to file an amended complaint. Plaintiffs Lawrence Elliott and James N. Scott each filed objections to the recommendations. Dkt. Nos. 47 (Elliott's objection) and 49 (Scott's objections).

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified

1

proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III. DISCUSSION

Elliott's objection is wholly conclusory, stating only that he is "writing [his] objection to the foregoing report." Dkt. No. 48. He offers no reason why any of the conclusions or recommendations of Magistrate Judge Hummel should not be adopted. See id. This conclusory objection fails to point to any error, let alone clear error, by Magistrate Judge Hummel. Moreover, as discussed below with regard to Scott's objections, a *de novo* review

2

of the issues addressed by Scott's objections leads the Court to adopt Magistrate Judge Hummel's recommendations. Therefore, Elliott's objection is overruled.

Scott's objections are, for the most part, simply a re-argument of the issues presented to and reviewed by Magistrate Judge Hummel. Like Elliott, Scott fails to point to clear error committed by Magistrate Judge Hummel. Furthermore, having considered Scott's objections and having completed a *de novo* review of the issues raised by the objections, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report.

The only specific objection raised by Scott is an objection to footnote 2 in Magistrate Judge Hummel's Report-Recommendation and Order, stating that "Scott, as a *pro se* litigant, 'is not empowered to proceed on behalf of anyone other than himself.'" Rep. Rec. & Ord., p. 3, fn. 2 (quoting Khalil v. Laird, 353 F. App'x 620, 621 (2d Cir. 2009)). Scott asserts that he "oppose[s] this ruling due to the fact that as the primary litigant, [he] initiated the original complaint as a class action lawsuit, and not a class of one as your Honor seems to imply." Dkt. No. 51, p. 2. Scott's objection is without merit. Whether he intended to start this action as a class action is irrelevant. As stated by Magistrate Judge Hummel, a *pro se* litigant cannot proceed on behalf of anyone other than himself. Furthermore, under Federal Rule of Civil Procedure 23 (g)(1), the appointment of class counsel is a prerequisite to certifying a class action of the type alleged in the complaint. Because Scott, as a *pro se* litigant, cannot proceed on behalf of anyone other than himself, he is unable to serve as the class counsel required to prosecute the instant action on behalf of a class of plaintiffs. Accordingly, Scott's objections are, in all respects, overruled.

3

## IV. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Hummel's February 8, 2017 Report-Recommendation and Order, Dkt. No. 47, in its entirety. Accordingly, defendants' motion for dismissal (Dkt. No. 35) is GRANTED, and the Complaint is DISMISSED. Plaintiffs are given leave of thirty (30) days in which to file an amended complaint.

Plaintiffs are advised that <u>if they file an amended complaint, they **must properly allege in the amended complaint all factual bases for all claims asserted therein.**</u> <u>The failure to file an amended complaint within this time frame will be deemed as an abandonment of the dismissed claims, and a "with prejudice" dismissal will be entered on the Court's docket on the dismissed claims without further order by the Court</u>.

**IT IS SO ORDERED.**

Dated: March 17, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge