UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JAMES N. SCOTT,**

    **Plaintiff,**

 v.                  No. 9:16-CV-403
                      (TJM/CFH)
**D. UHLER,** *et al.***,**

    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I. INTRODUCTION**

  This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In his July 31, 2019 Report-Recommendation and Order, Dkt. No. 75, Magistrate Judge Hummel recommends that Defendants' motion for summary judgment, Dkt. No. 72, be granted on the grounds that Plaintiff filed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), and that Plaintiff's Fourteenth Amendment claims be dismissed without prejudice. *See generally*, Dkt. No. 75. Plaintiff filed objections. Dkt. No. 76.

**II. STANDARD OF REVIEW**

  When objections to a magistrate judge's report and recommendation are lodged,

the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1). Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal. *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y.1992); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. *See Pearson-Fraser v. Bell Atl.*, No. 01-Civ.- 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); *Camardo*, 806 F. Supp. at 382 (W.D.N.Y.1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.30, 2002).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III. DISCUSSION

The Court presumes familiarity with Magistrate Judge Hummel's Report-Recommendation and Order. Suffice it to say that Magistrate Judge Hummel concluded that Plaintiff failed to exhaust his administrative remedies as required by the PLRA

because he commenced the instant action before the Central Office Review Committee ("CORC") issued its decision on Plaintiff's underlying grievance. In reaching this conclusion, Magistrate Judge Hummel explored whether administrative remedies were "unavailable" because CORC failed to respond to Plaintiff's grievance within the thirty-day time limit. Magistrate Judge Hummel noted that the Second Circuit has not addressed the exact issue of "unavailability" where a plaintiff has followed the grievance process yet CORC neglected to respond within thirty days. He then examined case law within this Circuit and found that when determining whether administrative remedies were "unavailable" is such situations, courts rely on the circumstances of each case including whether the plaintiff had taken all steps he could to fulfill the last step of the appeal process, whether the plaintiff represented to the prison grievance authorities that he did not understand the process or found it confusing, and the length of the delay by CORC. Reviewing the facts in the light most favorable to Plaintiff, Magistrate Judge Hummel wrote:

> Here, there is no dispute that Scott filed a grievance with Upstate C.F.'s [Inmate Grievance Resolution Committee ("IGRC")] on December 26, 2015; received the IGRC's determination on January 5, 2016; appealed the decision that day; received Superintendent Uhler's decision on January 21, 2016; and appealed the decision to CORC on or about January 22, 2016. CORC received Scott's appeal on February 11, 2016, and issued its final determination on May 18, 2016. Scott has not proffered evidence that he wrote Upstate C.F. IGRC or CORC inquiring as to the status of his appeal <u>before</u> filing this lawsuit. Additionally, when Scott checked with CORC he did not demonstrate that the exhaustion process was confusing to him.
>
> Scott also does not mention or provide evidence of CORC sending him a receipt after he filed his appeal. The PLRA states that, "[i]f a grievant does not receive a copy of the written notice of receipt [by CORC] within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC." 7 N.Y.C.R.R § 701.5(d)(3)(i). Scott offers no evidence that he followed this step of the

3

> PLRA. The letters Scott provides were both written <u>after</u> Scott commenced this action and more than forty-five days <u>after</u> he filed his appeal. The letters also do not characterize the grievance process as unavailable or hard to follow. In fact, in his April 18, 2016, letter to CORC Scott stated he would, "await your response in an effort to resolve this matter." However, Scott filed a federal lawsuit eighteen days before sending that letter to CORC.
>
> The length of CORC's delay is relatively brief -- approximately two months. The shorter delay Scott experienced is comparable to the delays in cases where this Court concluded that administrative remedies were available to the plaintiffs. Considering the totality of the circumstances, Scott's failure to check with CORC as to the status of his appeal prior to commencing this action, and the relatively short delay in receiving a response from CORC leads the undersigned to conclude that plaintiff has failed to demonstrate that administrative remedies were unavailable to him. Thus, because Scott failed to exhaust his administrative remedies prior to commencing this action, it is recommended that defendants' motion be granted.

Dkt. No. 75, at 13-15[1] (record and case citations omitted, footnotes omitted, emphasis in original).

### a. Objection #1

In Objection #1, Plaintiff makes two arguments.

First, he objects "to the fact" that Magistrate Judge Hummel did not take 7 N.Y.C.R.R. § 701.6(g)(2) under consideration. Dkt. # 76, at 5. This regulation provides that "[a]bsent [an] extension, matters not decided within the time limits may be appealed to the next step." 7 N.Y.C.R.R. § 701.6(g)(2). "[I]t is not clear whether the language in § 701.6(g)(2) applies to the CORC, and if so, what the 'next step' is. The regulations do not describe a mechanism for appealing or advancing a grievance when a grievant does not receive a response from CORC." *Sherwood v. Senecal*, No. 9:17-CV-00899 (BKS/TWD), 2019 WL 4564881, at *3–4 (N.D.N.Y. Sept. 20, 2019)(internal quotation marks and

---

[1]Because the Report-Recommendation and Order is not paginated, the Court cites to the CM/ECF pages of this document.

4

citations omitted). Thus, it appears that this regulation has no application in this matter. Even assuming, *arguendo*, that this regulation applies, Magistrate Judge Hummel's failure to reference it is of no moment. Magistrate Judge Hummel proceeded with his analysis of whether administrative remedies were unavailable by comparing the time that Plaintiff filed his lawsuit with the time that CORC eventually responded. The fact that CORC did not seek consent to file an untimely decision does not change Magistrate Judge Hummel's conclusion. Thus, Plaintiff's objection on this ground is overruled.

Second, Plaintiff argues that administrative remedies were unavailable to him because he did not receive a timely response from CORC. *See* Dkt. # 76, at 5-6. However, as Plaintiff states in his objections, this is the same issue that was presented to Magistrate Judge Hummel. *See id.*, at 5 ("In his complaint and papers in opposition, Plaintiff's main contention is that administrative remedies were unavailable to him because he did not receive a response from CORC in that there were no instructions on how to proceed with a grievance if no response received from CORC."). Because this is simply a rehashing of the issue addressed by Magistrate Judge Hummel, and because this argument does not point to specific error by the magistrate judge, the Court reviews the Report-Recommendation and Order in this regard for plain error and finds none. For the reasons discussed by Magistrate Judge Hummel, the Court agrees that Plaintiff failed to exhaust available administrative remedies before commencing suit in this action. Accordingly, Plaintiff's objection on this ground is overruled.

**b. Objection #2**

In Objection #2, Plaintiff objects to the statement in the Report-Recommendation

and Order that "'the record is devoid of any evidence that Scott was treated differently from any similarly situated individual because of intentional and purposeful discrimination.'" Dkt. # 76, at 7 (quoting Dkt. 75, at 9, in turn quoting Dkt. # 72, at 3). The quoted language is where Magistrate Judge Hummel framed the Defendants' second argument for summary judgment[2] by quoting their motion papers. However, because Magistrate Judge Hummel did not address the substantive merits of Plaintiff's claims, *see* Dkt. No. 75, at 15, n. 10 ("As the undersigned concludes that plaintiff has failed to exhaust his administrative remedies prior to commencing suit or that administrative remedies were unavailable to him, the undersigned declines to reach the merits of the plaintiff's claims."), the reference to Defendants' argument does not provide a basis to reject the recommendations. Accordingly, Plaintiff's objection on this ground is overruled.

### c. Objection #3

In Objection #3, Plaintiff objects to Magistrate Judge Hummel's statement that "Scott also does not mention or provide evidence of CORC sending him a receipt after he filed his appeal." Dkt. No. 76, at 9-10 (citing Dkt. No. 75, at 13). Plaintiff contends that "the record clearly shows that the plaintiff received a receipt on April 25, 2016, stating that CORC responded, confirming that it received the Plaintiff's appeal on February 11, 2016." *Id.*, at 10 (citing Compl.; Am. Compl. at 13). It appears that Plaintiff relies on page 13 of his "Mandatory Pretrial Discovery," Dkt. No. 68, in making this argument.[3] Magistrate

---

[2]The first was that Plaintiff failed to exhaust administrative remedies prior to commencing this action.

[3]Neither the Complaint (Dkt. No. 1), which was dismissed and superseded by the Amended Complaint (Dkt. No. 55), nor the Amended Complaint contain a page 13 or a paragraph 13.

6

Judge Hummel references this document in the Report-Recommendation and Order, writing "Scott wrote to CORC on April 18, 2016, and received confirmation that CORC received his appeal on February 11, 2016." Dkt. No. 75, at 10 (citing Dkt. No. 68 at 12-13). However, Magistrate Judge Hummel also noted that "Scott first wrote to CORC seventeen days after commencing this lawsuit." *Id.* (citing Dkt. No. 68 at 12-13). In light of Magistrate Judge Hummel's two references to Plaintiff's communications with CORC, it is clear that he intended to indicate at page 13 that Scott did not mention or provide evidence of CORC sending him a receipt *immediately* after he filed his appeal. This interpretation is consistent with Magistrate Judge Hummel's conclusions that Plaintiff did not write to CORC until after he commenced this action, and that, therefore, he did not comply with § 701.5(d)(3)(i) before commencing suit. In light of this interpretation, Plaintiff's objection on this ground is overruled.

## IV. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** the recommendations in the July 31, 2019 Report-Recommendation and Order, Dkt. No. 75, for the reasons stated therein. Thus, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment, Dkt. No. 72, is **GRANTED,** and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 55) is **DISMISSED** in its entirety, **without prejudice**.

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 25, 2019

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge